### GEORGE B. LENOIR v. LOUISA A. BRIDGES et al.

**Tax Title — Who May Purchase — Life Tenant.**
> A tenant for life cannot acquire a tax title to defeat the estate of the remainder-man.[1]

**Same — Co-tenants After Partition.**
> One of two co-tenants of a life-estate, after a valid partition of the land between them by agreement, can purchase the life-interest of the other for taxes, neither being under any duty to pay the taxes of the other.[2]

**Same — Estate Confirmation.**
> An interest in land less than a fee may be acquired at a sale for taxes, and such title may be confirmed under section 1753 of the Code of 1871.[3]

Appellant, George B. Lenoir, filed the bill in this case in the Chancery Court of Lawrence county against appellees to confirm his tax title to certain lands described in the bill. From a decree dismissing his bill he appeals.

---

1

A tenant for life cannot acquire a tax title to the defeat of the remainder-man. Stewart v. Matheny, 66 Miss. 21; 5 So. 387.

And this, although the forfeiture for taxes occurred before he acquired such life-estate. Jones v. Merrill, 69 Miss. 747; 11 So. 23.

Nor is he relieved of such disability by the fact that, before he acquired the life-estate, he had entered and was in possession under a previous tax title, this being void and having been adjudicated at the suit of the remainder-men. Jones v. Merrill, 69 Miss. 747; 11 So. 23.

A guardian of infant wards cannot, by purchasing a tax deed of lands belonging to them, destroy their estate. Wise v. Hyatt, 68 Miss. 714; 10 So. 37.

The purchaser of a void administrator's sale, having gone into possession, cannot, by letting the taxes go unpaid, purchase the tax titles, and acquire a valid title, since, if he had a charge on the lands, he would occupy the position of mortgagee in possession, and his purchase of the tax title would be treated as only a payment of a common charge for the benefit of the whole estate; or if he was an intruder, and thus liable to the owner for the rents, those eo instante would operate as payment of the amount expended in the purchase, and as a redemption of the property. Pool v. Ellis, 64 Miss. 555; 1 So. 725.

Where defendant, being a judgment creditor, and holder of a trust deed of the debtor's land as security, charged on his books against the debtor

The bill alleges that complainant purchased the land at a sale for the taxes due on it in February, 1875; that it was sold as the property of H. H. Lenoir for the taxes of 1874, and the time for the redemption had expired; that the only parties having any interest in the land are the heirs of said H. H. Lenoir, deceased. The bill gives the name and postoffice address of each of the heirs of H. H. Lenoir, and prays that they each be made parties defendant to the bill, and that his tax title be confirmed.

the amount of the taxes on the land, it was his duty to pay the same, and he could afterwards acquire no title by purchase on a sale of the land for such taxes. Faison *v.* Johnson, 70 Miss. 214; 12 So. 152.

A valid sale of land for taxes will deprive claimants to contingent remainders therein of any rights they may have had thereto, since the obligation devolves on all persons in any way interested to see that such taxes are paid. Hazlip *v.* Nunnery, 29 So. 821.

A tenant in possession of land owned by minor heirs is estopped from purchasing same when sold for taxes, such purchase being held to inure to the benefit of the heirs. Barnett *v.* Wedgeworth, 1 Miss. 334, and cases cited in note 1.

2

The wife of the grantor in a trust deed on land can purchase from the state a tax title thereto, after such title has become absolute by the lapse of the redemption period, and assert the same in defense of ejectment by the beneficiary who purchased at the trustee's sale. Carter *v.* Bustamente, 59 Miss. 559.

One whose wife owns an undivided interest in land is, on grounds of public policy, disqualified from purchasing at a tax sale the interest of her co-tenant therein. (Carter *v.* Bustamente, 59 Miss. 599, explained.) Robinson *v.* Lewis, 68 Miss. 69; 8 So. 258; Clark *v.* Rainey, 72 Miss. 151; 16 So. 16.

A tenant in common who buys the common property at a tax sale cannot in equity set up the title as against his co-tenant. He has merely a charge on the land for reimbursement. Allen *v.* Poole, 54 Miss. 323; Wise *v.* Hyatt, 68 Miss. 714; 10 So. 37.

And one of several tenants in common of an estate in remainder cannot purchase the property at a tax sale and set up his purchase against his co-tenants. The purchase inures to the common benefit of himself and co-tenants, but the property is subject to a charge for the money expended in the purchase, and this, notwithstanding the sale occurs before the termination of the particular estate. Harrison *v.* Harrison, 56 Miss. 174; McGee *v.* Holmes, 63 Miss. 50; Fox *v.* Coon, 64 Miss. 465; 1 So. 629; Jonas *v.* Flanniken, 69 Miss. 577; 11 So. 319; Davis *v.* Cass, 72 Miss. 985; 18 So. 454.

The acquirement by such purchaser of a tax title to the land operates as a redemption. Clark *v.* Rainey, 72 Miss. 151; 16 So. 16.

Such purchase by a tenant in common, though not in possession, operates merely as an extinguishment of such title for the benefit of all the owners,

Defendants all pleaded to the bill that H. H. Lenoir, the ancestor of all the parties to this suit, died in 1865, leaving a last will and testament, which was duly probated; that said testator, at the time of his death, owned the land in controversy, and left a number of children and grandchildren; that said testator, by his will, provided that said George B. Lenoir and Joseph C. S. Lenoir and Robert A. Lenoir might hold said lands as long as they or either of them might wish to occupy it as a home and to cultivate it; that the said George B. Lenoir and Joseph C. S. Lenoir have occupied and cultivated said land from 1866 to 1878 continuously, and said Joseph C. S. Lenoir paid most of the taxes on the land for that time, but J. C. S. Lenoir did not pay the taxes for the year 1874; that George B. Lenoir paid the taxes by purchasing it at the tax sale; that said testator, by his said will, provided that whenever the estate so devised should terminate, the said lands

and only gives the right to charge the cost on the property. Cohea v. Hemingway, 71 Miss. 22; 14 So. 734.

Such co-tenant who has acquired a tax title cannot invoke the three years' statutes of limitations which is prescribed by Code 1880, section 539, in favor of those in possession under tax titles. McGee v. Holmes, 63 Miss. 50; Jonas v. Flanniken, 69 Miss. 577; 11 So. 319.

Where land is set apart to the widow as dower, and is afterwards sold to the State for taxes, one of the heirs of the decedent purchasing it from the State becomes the sole owner of the life interest of the widow, and a trustee of the fee for himself and the other heirs jointly. Fox v. Coon, 64 Miss. 465; 1 So. 629.

Where the holder of a tax title afterwards supplements it by purchasing the undivided interests of certain persons in the land, and then conveys the land to his wife, the latter is not, thereby, prevented from setting up the tax title against the co-tenants of such persons; nor does such purchase stop the running of the three years' statute of limitations prescribed by section 1709, Code 1871, in favor of the tax title. Jonas v. Flanniken, 69 Miss. 577; 11 So. 319.

Where the purchaser of an undivided interest in land takes possession of and occupies in severalty a part thereof, and procures such part to be assessed to herself, and the owner of the other interest, in recognition of such partition, has the remainder assessed to him and pays taxes thereon, they owe each other no duty as to the payment of taxes, such as ordinarily exist between tenants in comon, and if the part assessed to the one be thereafter sold for taxes, the other is not precluded from acquiring it. Davis v. Cass, 72 Miss. 985; 18 So. 454.

In a suit for partition between the heirs of an alleged owner of the land, one of the defendants, a married woman, living with her husband on the premises in controversy, is not estopped, as a tenant in common, from

should be equally divided among his heirs at law, his grandchil-
dren, to take the shares their respective parents would have taken;
that, by reason of the premises, the law enjoined as a duty upon
said George B. Lenoir to have the said lands assessed to himself
and to pay the taxes for which the land was sold, and he was per-
sonally chargeable with the said taxes, and the law charged him
with the duty of protecting the said land and the title thereto, and
to free it from all incumbrances during his tenancy; and his al-
lowing the land to be sold for taxes and his purchase at said sale
was fraudulent and void as to his co-tenant and remainder-men,

---

setting up title in her husband by adverse possession. Cooper *v.* Fox, 67 Miss.
237; 7 So. 342.

Where a co-tenant buys in a tax title to the whole property, the tax
title inures to the benefit of all the co-tenants. Hardy *v.* Gregg, 2 So. 358.

The possession of one tenant in common cannot become adverse as to his
co-tenants, unless such an intent to oust them is shown on his part as would
justify them in bringing ejectment. Bentley *v.* Callaghan, 30 So. 709.

A widow holding an interest in land as tenant in common, as one of the
heirs of her husband's estate, does not acquire title thereto by purchase of
a tax deed, which would be treated merely as an act of redemption. Falk-
ner *v.* Thurmond, 23 So. 584.

A co-tenant held to have secured no additional right by a purchase of
the property at a sale under a trust deed. Wyatt *v.* Wyatt, 81 Miss. 219;
32 So. 317.

3

Section 578, Code of 1880 (Code 1892, § 498), authorizing the filing of
bills to confirm tax titles, applies to every variety of such titles. Chrisman
*v.* Currie, 60 Miss. 858.

It applies to levee tax titles, a levee district being "a district" within
the meaning of the first section of said act. Belcher *v.* Mhoon, 47 Miss. 613;
Metcalf *v.* Perry, 66 Miss. 68; 5 So. 232.

And the same was true under section 1753, Code 1871, whether the title
was acquired by purchase at tax-collector's sale, or from the levee treas-
urer after the land has been struck off to him. Beirne *v.* Burdette, 52
Miss. 795.

"Any person holding or claiming, under a tax title, lands heretofore or
hereafter sold for taxes, when the period for redemption has expired, with-
out redemption of the same, may proceed by bill in the Chancery Court of
the county in which the land lies, to have such title confirmed and quieted,
and shall set forth in his bill his claim under such tax sale, and the names
and places of residence of all persons interested in the land, so far as known
to complainant, or as he can ascertain by diligent inquiry." * * * Code
of 1871, § 1753, see also Code of 1880 § 578; Code of 1892, § 498; Code
of 1906, § 548.

and the said tax title inures to the benefit of his co-tenant and the remainder-men.

Complainant, following the old practice, replied to this plea, setting up a written partition of the life-estate between complainant and the defendant, Joseph C. S. Lenoir, before the sale of the land in controversy, which was allotted to Joseph C. S. Lenoir in the partition.

From a decree dismissing his bill, complainant appeals.

APPEALED from Chancery Court, Lawrence county, T. B. GRAHAM, Chancellor.

Reversed and remanded, February 28, 1881.

*Attorney for appellant, R. H. Thompson.*

*Attorney for appellees, B. Taylor.*

Brief of R. H. Thompson:

The two questions presented in this case are:

1. Does a purchaser at tax sale obtain an original title, or is his title derivative?

2. If the purchaser is estopped to acquire the fee, can he not acquire a less estate to which the estoppel does not apply?

The first question is named out of deference to the chancellor's written opinion of record; the second one is believed to be the meritorious inquiry.   *   *   *

I do not controvert the doctrine announced in Harrison *v.* Harrison, 56 Miss. 174, that one tenant in common cannot defeat his co-tenants by a purchase at tax sale. In this case complainant acquired nothing as against the remainder-men, except a right to be reimbursed his money, probably. But, as against the life-tenant, J. C. S. Lenoir, after the partition between him and the complainant, the complainant did acquire the life-interest of said J. C. S. Lenoir. Complainant was under no obligation to protect this life-estate. Complainant was estopped to purchase as against the remainder-men; he was not estopped to purchase the life-estate in the lands partitioned to Joseph.

The sale of the sheriff was sufficient to pass the title; if a stranger had bought, the tax deed would have invested in such stranger

a fee-simple title. Why did it not invest a fee in complainant? The answer is, because complainant was in part incompetent and estopped to receive it. The sale did invest in complainant all the title he was not incompetent or estopped to receive. Title became invested up to the point where the estoppel begins to operate.

But, it may be urged, the statute contemplates the confirmation of a fee-simple title only. The statute does not negative the idea of a chancellor shaping his decree to meet the peculiar features of a case. The power conferred by the statute on the court is to make the decree pass a fee-simple title—a greater power includes the lesser. The court whose decree may invest a fee-simple has the right to invest all lesser estates.

Take, for instance, the school lands of the State—the sixteenth sections. These lands are leased for ninety-nine years, and the leaseshold is subject to taxation. Does not a sale of the sixteenth sections for taxes pass the leasehold, and could not such a tax title be confirmed? Of course, the reversion would not be affected.

The chancellor's opinion in the case states the law correctly on the idea that a purchaser at tax sale can acquire nothing less than a fee-simple, but this assumption is the error into which he has fallen.

Justice has not been done as between the parties to this record; the decree ought to be reversed, that it may be done, even if an amendment is necessary. This court has done the like, even ordering an amendment. See end of opinion on Foute *v.* Fairman, 48 Miss. 552.

Brief of B. Taylor:

* * * Under the devise, George, Joseph and Robert became entitled to hold the land as long as they, or either of them, wished to occupy it as a home and to cultivate the same; and when no longer wished to be so held by them, or either of them, to be distributed as mentioned in the will—that is to say, to be *equally divided* among his children, his grandchildren taking their deceased parents' shares.

The language of item 4 plainly indicates that a tenancy at will was carved out to George, Joseph and Robert, and that whenever Joseph and Robert should no longer wish to occupy it as a home or to cultivate it, that George should hold the entire lands so long as he should wish to "occupy it as a home and to cultivate it."

On the death of Robert and Joseph, or on their removal from the lands, or whenever they should cease to cultivate it, George became entitled to all the lands so long as he should choose to occupy it as a home and to cultivate it.

Hence it follows that, after the death of Robert, George and Joseph became entitled to Robert's share, "so long as they should wish to occupy it as a home and to cultivate it;" and after the partition of the lands between George and Joseph (of their interests as tenants at will), it became the duty of George to protect the title of Joseph's part by paying taxes on it, because, on the termination of Joseph's estate at will, it reverted to George, so long as he (George) should "wish to occupy it as a home and to cultivate it." George is the reversioner of Joseph's tenancy at will. For the reason of this reversionary interest, or contingent interests of George in Joseph's tenancy at will estate, George succeeding to Joseph's estate on the termination of the latter, it is incumbent on George to protect that expectant estate, because a sale of it for taxes to a stranger would defeat his expectancy, just as a sale of the remainder would defeat all the devisees.

Then we say the same principle which defeats a tax title acquired by one of several tenants in common will defeat a tax title acquired by a reversioner of an estate of tenancy at will, or by a tenant in expectancy on termination of a tenant at will. So it is the duty of a mortgagor to pay taxes on the mortgaged premises, and, if he purchase at tax sale, the tax title cannot defeat the mortgage.

But a tenancy at will is only a *chattel interest;* it is not realty; and sections 1753 and 1754 of the Code of 1871 do not contemplate a confirmation of title to *chattels* or *chattel interests* in land.

A tax title cannot be confirmed unless good against the world, for section 1753 provides that, "and such decree shall vest in the complainant, without any conveyance by a master or commissioner, a good and perfect title at law and in equity to said lands, in the same manner as against any title held or claimed at the time of said tax sale, as if it had been conveyed by the holder of said title to the complainant by duly executed conveyance with warranty of title."

Now, it is plain that, unless the tax title conveys a fee-simple estate, it cannot be confirmed; a mere *chattel interest cannot* be

confirmed, for the decree is equivalent to a deed in fee under the statute, and a decree cannot convert a tenancy at will into a fee.

Appellant's counsel contends that "the greater interest includes the less;" that if a fee-simple can be confirmed, that a *tenancy at will* can also be confirmed; we submit, the Code gives no jurisdiction to confirm so small an estate as a tenancy-at-will. That question might arise in action of *ejectment* to obtain possession of the tenancy-at-will estate from Joseph C. S. Lenoir, the tenant-at-will in possession.

The Chancery Court has no jurisdiction unless it can decree a fee-simple title; and it is not contended that one remainder-man in fee can acquire at tax sale the interest of his co-remainder-men in fee. The decree below seems correct.

OPINION.—CAMPBELL, C. J.:

It is undoubtedly true that the appellant, by his purchase of the land at the sale for taxes, did not acquire any right as against the remainder in the land created by the will, but we fail to discover why he did not obtain the right of Joseph S. C. Lenoir to occupy and cultivate that part of the land which, by agreement between them, the latter was holding in severalty. The brothers had the right, under the will of their father, to occupy the land as a home and cultivate it as long as either chose to do so, which might be for life. They made partition, and each agreed to occupy a designated portion. This partition was valid as between them, and each held in severalty the portion assigned to him, and each was bound, as to the other, to pay the taxes accrued on the part held by him in severalty. Both were under obligation to protect the remainder, but neither sustained any relation to the other as to the occupancy in severalty, which imposed on him a duty to protect it from sale for taxes, or which precluded him from buying at a sale for non-payment of taxes on that part. The appellant, because of his duty to protect the remainder, acquired no title by his purchase as against the remainder-men, but he did acquire title so far as he was not disabled by his duty aforesaid from purchasing. The chancellor held that the appellant acquired nothing by his purchase, because he was disabled from purchasing at all, even as against his co-tenant, after partition. This is erroneous. Nor is it true that an interest in land, less than a fee, may not be acquired at a sale for taxes, or that the title acquired at

such sale to an interest less than a fee may not be confirmed, in pursuance of section 1753 of the Code of 1871. It is true that a fee-simple title is embraced in that section, but every smaller estate which may pass by a sale for taxes is also embraced and is equally the subject of confirmation as a fee is. It does not appear in this case, by express averment, that the part of the land sold for taxes was that assigned by the partition to J. S. C. Lenoir. This is supposed to be the case, but it does not distinctly appear from the record, so far as we can discover. The case was disposed of in the court below on other grounds, and without reference to this. We differ from the chancellor on the points on which he made his decision to turn; and, in order that the case may be litigated on what we consider the real ground of contest, we will reverse the decree and remand the cause. It was improper, under the circumstances of this case, to make parties defendant any except Joseph C. Lenoir, and the cost of doing so should be taxed against the appellant, who was complainant in the court below. The pleadings should be amended and the contest carried on, if at all, between the appellant and Joseph S. C. Lenoir, whose life-interest only can be affected by this decree.

*Decree reversed* and caurse remanded for proceedings in accordance with this opinion.